IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID GLENN WAITS,

        Petitioner,        12-cv-1305-CL

    v.                          REPORT AND
                                RECOMMENDATION

MARION FEATHERS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), filed a petition under 28 U.S.C. 2241, alleging that defendants violated his due process rights in connection with a disciplinary proceeding and sanction.

    On April 12, 2012, a BOP officer found a small bag containing 4 razor blades in petitioner's cell. The officer issued petitioner an incident report for violation of Code 104, "Possession, manufacture, or introduction of a sharpened instrument." The

1 - REPORT AND RECOMMENDATION

report indicated the incident occurred on April 12, 2012 at 9:15 a.m. The incident report was delivered to Petitioner on April 13, 2012, at 9:47 a.m.

Ordinarily, incident reports are delivered to an inmate within 24 hours after BOP staff becomes aware of the inmate's involvement in the incident. 28 C.F.R. § 541.5(a).

A disciplinary hearing was held on April 16, 2012. Petitioner was found to have violated Code 104 and sanctioned to a loss of 21 days Good Conduct Time.

Petitioner does not contest that he received all of the due process protections he is entitled to under Wolff v. McDonnell, 418 U.S. 539 (1974). Petitioner alleges that the late delivery of the incident report "constituted a violation of due process."

The Disciplinary Hearings Officer (DHO) considered the fact that the disciplinary report was delivered to petitioner 32 minutes late and found that "the delay in presenting the notice of the charge to inmate Waits did not deny inmate Waits his due process rights." I agree.

Petitioner has not alleged that the delay in delivering the incident report caused him any harm or hindered his ability to prepare or present a defense to the charge. In any event, a 24 hour time limit to deliver an incident report is not a constitutionally protected due process right.

Petitioner's general disagreement with the DHO's finding that

2 - REPORT AND RECOMMENDATION

petitioner committed the violation also fails to state a claim. A decision by a DHO is sufficient if it is supported by "some evidence."

In this case, petitioner acknowledged at the hearing that he knew the razors were in his cell and that he "should have gotten rid of them." The eyewitness account of the officer, along with the statements by petitioner is sufficient to support the "some evidence" standard. *See*, Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989).

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an

3 - REPORT AND RECOMMENDATION

order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 30 day of January, 2013.

_____
Mark D. Clarke
United States Magistrate Judge